PATRICK W. DOUGHERTY *vs.* TOWN COUNCIL OF RICHMOND.

DECEMBER 20, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Intoxicating Liquors.   Particular Location of Application.*

Gen. Laws, cap. 102, § 2, as amended by Pub. Laws, cap. 1583, § 1, provides that advertisement of an application for license shall state the "particular location for which the license is requested."—

*Held,* that a notice stating the location of the place to be "A. B., in Dawley's block, Main street, Wyoming," was sufficient, where it appeared that the block was well known, and the only building so designated in that village, and that buildings therein were not numbered.

CERTIORARI.   Petition denied.

PER CURIAM.   This is a petition for a writ of *certiorari.* Owen F. Deady filed an application for a retail liquor license in the town of Richmond.   The notice by advertisement of the pendency of this application stated the location of the place to be "Owen F. Deady, in Dawley's Block, Main Street, Wyoming."   The petitioner claims that this notice is not sufficiently specific as to the particular location for which the license was requested.

Section 2 of chapter 102 of the General Laws, as amended by section 1 of chapter 1583 of the Public Laws, passed at the January session, 1908, provides (among other things) that before granting a license to any person, the council "shall give notice by advertisement for at least two weeks  .  .  .  of the name of the applicant for said license, and the particular location for which the license is requested  .  .  . "

In *Dexter* v. *Town Council of Cumberland,* 17 R. I. 222, the notice simply stated "Robert Tripp, High Street, Valley Falls," and the court held that the notice was insufficient, saying: "When the statute requires the particular location to be given, in order that owners of land within two hundred feet of it may file objections, it evidently contemplates something more exact and definite than the notice in this case."

It appeared at the hearing that Dawley's Block is a well-known building, formerly a tavern, and the only building so designated in that village, and that buildings therein are not numbered.

A majority of the court are of the opinion that the notice in the case at bar is sufficient for that purpose.

Petition denied and dismissed.

*John W. Sweeney,* for petitioner.

*Benj. W. Grim,* for respondents.